## Ex Parte KELLY et al.

[APPLICATION FOR HABEAS CORPUS.]

1. *Jurisdiction of State courts to discharge person in custody for violation of criminal laws of United States.*—The courts of this State have now (July 9, 1861) no jurisdiction to discharge from custody a person who was arrested prior to the passage of the ordinance of secession, charged with a violation of the criminal laws of the United States within the limits of the State of Virginia; the question of his right to be discharged, or his transfer to the proper court in Virginia for trial, appertaining to the jurisdiction of the district court of the Confederate States.

APPLICATION by John Kelly and Richard Dodge, *alias* Richard Horton, for the writ of *habeas corpus*, or other remedial process, to obtain their release from imprisonment in the county jail of Mobile. The petitioners were arrested under a warrant, dated November 2, 1860, issued by a justice of the peace in Mobile, (acting under the authority conferred on him by the act of congress approved the 24th

September, 1789, known as the "judiciary act,") on a charge of assault and battery and robbery, "said to have been committed by them, on the person of one Martin Green, in the month of September, 1860, on board the American ship *Eastern Star*, in the Potomac river, near its mouth, and contiguous to the Chesapeake bay;" and were committed to jail by the justice, to answer said charge "before the next grand jury for the United States of America." At the December term, 1860, of the district court of the United States for the southern district of Alabama, Hon. WM. G. Jones presiding, the grand jury investigated the case, and returned into court a report in writing, in which they stated, that they were satisfied of the commission of the offense by the prisoners, but were advised that the court had no jurisdiction of the case, except to order its transfer, and the removal of the prisoners for trial, to the proper tribunal; and the court thereupon made an order, on the 11th January, 1861, (the day on which the Alabama ordinance of secession was adopted,) directing the United States marshal of that district to remove the prisoners to the eastern district of Virginia, and to deliver them to the marshal of that district. On the 8th February, 1861, the prisoners sued out a *habeas corpus* before the Hon. HENRY CHAMBERLAIN, the judge of the city court of Mobile, who, on the hearing of the case, remanded them to jail; and on the 7th March, 1861, they renewed their application to this court. The opinion of this court was delivered on the 9th July, 1861.

F. S. BLOUNT, for the prisoners.—1. The order of Judge Jones, having been made on the day the Alabama ordinance of secession was passed, is void.—*Arnold v. United States*, 9 Cranch, 104. That ordinance was a revocation of the entire legislation of the United States congress within the limits of this State.; and this state of things continued until the 26th January, when the convention adopted such portions of the United States laws as they deemed necessary for the government of the State.

2. The ordinance of 26th January, continuing and transferring to State courts the cases pending in the United States courts, expressly excepts from its operation those cases "in which the United States of America is plaintiff;" and the effect of this exception is to discontinue all prosecutions at the suit of the United States. The adoption of the act of 1825, respecting crimes against the United States, by the 6th section of that ordinance, was prospective in its operation, and could not revive a criminal prosecution which had been discontinued.

3. The prisoners have committed no offense against the laws of Alabama. They are charged with the commission of an offense, outside the limits of the State, against a government whose laws and jurisdiction, within this State, are abolished; and there is now no law by which they can be detained or punished. Nor has the United States, though now a foreign government, any right to demand their surrender for trial, since that is a right which only exists by virtue of treaty stipulations; and any treaty between the United States and the Confederate States, hereafter made, would not reach their case.—2 Brock. C. C. 493.

4. Unless discharged by authority of a State court, the prisoners are without remedy; the ordinance of secession having abrogated the constitution of the United States, its laws, courts, judges, and officers. The following authorities are referred to: *Rose v. Himely,* 4 Cranch, 291; *Elliott v. Piersol,* 1 Peters, 340; *Exchange v. McFadden,* 7 Cranch, 116; *Williams v. Suffolk Ins. Co.,* 3 Sumner, C. C. 270.; Vattel's Law of Nations, (ed. 1829,) 58–66.

A. J. WALKER, C. J.—We think that, *at this time,* the application for the *habeas corpus* in this case appertains to the jurisdiction of the district court of the Confederate States of America; and that guided by the decision in *Ableman v. Booth,* (21 How. 506,) which we recognize as an able and correct exposition of the law, we have no authority to interfere in the matter. We state, briefly, the reasons that lead us to that conclusion.

The ordinance of the convention of the State of Alabama, conferring the judicial power of the courts of the United States in this State upon the State courts, was limited in its operation to the time when the congress of the Confederate States should otherwise dispose of the jurisdiction. The constitution of the provisional government, in its third article, bestows that jurisdiction upon the district courts ; and bestows upon the congress of the Confederate States power to make laws for the transfer of causes, pending in the courts of the United States, to the courts of the Confederacy ; and also for the execution of the orders, decrees and judgments theretofore rendered by the courts of the United States. Section fifty of the act of the provisional congress, to establish the courts of the Confederate States, adopted March 16th, 1861, provides, that no person now under arrest, or in custody, upon any criminal charge or offense, on process issued from the courts of the United States, shall be released by reason of the dissolution of the Union ; but he shall continue under arrest, or in custody, until discharged by due course of law. The State of Virginia is now a member of the Confederacy ; and an act of congress, approved 9th February, 1861, continues in force all laws of the United States which were in use in the Confederate States of America on the first day of November last, and not inconsistent with the constitution of the Confederate States.

In view of the constitutional and legislative provisions above stated, we are not prepared to decide, that the judge of the district court is without authority to transmit the prisoners to the proper court in Virginia for trial, as might have been done under the laws of the United States, if the Union had not been dissolved.—Brightley's Digest, p. 90. At all events, we feel entirely clear in the opinion, that the question of the prisoners' right to a discharge is a matter now appertaining to the jurisdiction of the district court of the Confederate States ; and it would be improper for us, at this time, to grant to the prisoners any remedial process.

Motion refused.